1

2

3                                              **E-filed 8/26/2011**

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   RENATO and LORNA FERNANDEZ.          Case Number 05:11-cv-02365-JF
     Individuals,
13                                         ORDER[1] GRANTING MOTION TO
                        Plaintiffs,        DISMISS
14
                                           [Re: Docket No. 10]
           v.
15
     GMAC MORTGAGE, LLC, a limited liability
16   company, and DOES 1 through 50, inclusive,

17                      Defendants.

18

19
            Plaintiffs Renato and Lorna Fernandez commenced this action in the Santa Clara
20
     Superior Court, seeking to enjoin foreclosure proceedings on their home and recover damages
21
     for alleged unfair business practices and other claims relating to their mortgage.  Defendant
22
     GMAC removed the case to this Court and then moved to dismiss Plaintiffs' claims.  For the
23
     reasons discussed below, the motion to dismiss will be granted, with leave to amend.
24
                                  I.  BACKGROUND
25
            Plaintiffs originally purchased the subject property in 1985 for approximately
26
     $129,000.00, subject to a loan in the approximate amount of $119,000.00.  Compl. ¶ 29.  Since
27

28         [1]      This disposition is not designated for publication in the official reports.

that time, they have refinanced the property six times, most recently borrowing $600,000.00 from ComUnity Lending in 2006. *Id.* ¶ 36. This loan was purchased by GMAC in 2009. *Id.*

Plaintiffs had difficulty making payments on the loan and sought legal counsel to help them obtain a loan modification. They obtained a trial loan modification in October 2009. *Id.* ¶ 38. According to the complaint, a GMAC representative subsequently informed Plaintiffs' counsel that Plaintiffs qualified for a 40-year fixed-rate loan at a one percent interest rate. *Id.* ¶ 41. In April 2010 Plaintiffs received a loan modification agreement. The agreement fixed the interest rate at 3.875 percent for five years, 4.875 percent in the sixth year, and 5.0 percent for the remainder of the loan. *Id.* ¶ 45. The complaint indicates that Plaintiffs signed the agreement in the belief that if they did not sign it, they would not be able to get a loan modification at all. *Id.* Plaintiffs filed claims for violation of Business and Professions Code § 17200, fraud, breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, negligence, infliction of emotional distress, predatory lending in violation of Financial Code §§ 4970-4979.8, and conversion.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994). Leave to amend must be granted unless it is clear that the complaint's

Case No. 05:11-cv-02365
ORDER GRANTING MOTION TO DISMISS
(JFLC3)

1  deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir.

2  1995).

3                                    **III. DISCUSSION**

4          The majority of Plaintiffs' claims arise from the origination of Plaintiffs' loan from

5  ComUnity Lending in 2006.  However, the complaint indicates that GMAC did not purchase the

6  loan until 2009.  While the complaint includes conclusory allegations that actions taken at

7  origination should be imputed to GMAC, *see* Compl. ¶ 17, it provides no factual support for this

8  assertion.  In addition, several of the claims based on the 2006 loan origination appear on their

9  face to be time-barred, and the complaint does not allege facts that would support tolling the

10 applicable statutes of limitations.

11         Plaintiffs also fail to state a claim arising from GMAC's conduct with respect to the loan

12 modification.  Although Plaintiffs allege that GMAC owed them a fiduciary duty, under

13 California law a lender generally owes no fiduciary duty to a borrower, because the parties are

14 engaged in an arms-length transaction.  *Pension Trust Fund of Operating Eng'rs v. Fed. Ins. Co.*,

15 307 F.3d 944, 954 (9th Cir. 2002).  Plaintiffs allege no facts indicating that the dealings between

16 the parties were not conducted at arms length.  In fact, the complaint states that Plaintiffs were

17 represented by legal counsel during discussions about the loan modification.

18         For the purposes of the present motion, the Court must accept as true Plaintiffs'

19 allegation that a GMAC representative indicated that Plaintiffs would receive a loan

20 modification at a fixed rate of one percent.  However, Plaintiffs' contention that this statement

21 created an oral contract is inconsistent with cases holding that an oral agreement to modify a

22 mortgage is unenforcable under the statute of frauds.  *See Justo v. Indymac Bancorp*, No. SACV

23 09-1116 JVS (AGRx), 2010 U.S. Dist LEXIS 22831, at *7 (C.D. Cal. Feb. 19, 2010).  Plaintiffs'

24 claims for fraud and unfair business practices also are insufficiently pled, as Plaintiffs have not

25 shown that they reasonably relied on the alleged statement.  Indeed, the complaint alleges that

26 the Plaintiffs, who were represented by counsel, examined and understood the terms of the

27 written loan modification agreement before they signed it.  While Plaintiffs claim that they

28 believed that they had to do so in order to obtain a loan modification, they do not allege the basis

                                         3

of any legal obligation on GMAC's part to offer a modification on any terms.

Because the Court cannot conclude that amendment would be futile, leave to amend will be granted.  However, any amended pleading must address the deficiencies noted in GMAC's moving papers.

## IV.  ORDER

The motion to dismiss is granted, with leave to amend.  Any amended pleading shall be filed within thirty (30) days of the date of this order.

**IT IS SO ORDERED**


DATED:   August 23, 2011

JEREMY FOGEL
United States District Judge

Case No. 05:11-cv-02365
ORDER GRANTING MOTION TO DISMISS
(JFLC3)